

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 26, 2016.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-10437-tmd |
| | § | |
| THOMAS SHAWN ERICKSON | § | |
| VALERIE LYNN ERICKSON | § | CHAPTER 7 |
|     Debtors. | § | |

**CORRECTED ORDER DENYING MOTION TO DETERMINE
PROPERTY OF THE ESTATE**

On June 7, 2016, Martha Prado filed a Motion to Determine Property of the Estate [ECF 29] asking the Court to find that the Ericksons' interest in a malpractice claim is not property of their bankruptcy estate. For the reasons stated below, the Court finds that the malpractice claim is property of the Ericksons' bankruptcy estate.

**I.     Background**

In 2007, Martha Prado and James Prado sold Optimum Steel Industries to T&V Optimum, LLC ("T&V"), a limited liability company owned by the Ericksons. In connection with the sale, T&V signed a promissory note, which the Ericksons guaranteed. After a divorce settlement between the Prados, Martha Prado received sole ownership of the note. After T&V

1

and the Ericksons defaulted on the note, Martha Prado filed a state court action and obtained a final judgment against both T&V and the Ericksons. T&V and the Ericksons later filed a malpractice suit against the attorney who represented all three of them in the suit on the note.

Shortly before the final judgment against T&V and the Ericksons was entered, T&V filed for relief under chapter 11 of the Bankruptcy Code.[1] On June 3, 2015, T&V's plan of reorganization was confirmed. The plan provided that Prado's claim would be paid, along with other unsecured claims, from the proceeds of several litigation claims, including the malpractice claim derived from the suit on the note.

Almost one year later, the Ericksons filed for relief under chapter 7 and listed the pending state court malpractice lawsuit[2] as an asset. Prado then filed her motion to determine property of the estate asserting that the malpractice claim is the sole property of T&V's chapter 11 estate. The Ericksons and the Trustee filed responses stating that the claim belongs to the Ericksons' chapter 7 estate because the malpractice suit, filed by all three, was based on a judgment awarded against all three. During the hearing on the motion, the parties informed the Court that a $100,000 settlement from the malpractice suit is being held in a trust account pending the resolution of the motion. At the conclusion of the hearing, all parties were given the opportunity to file further briefing, but no one did so.[3]

**II.     Analysis**

This dispute is about the correct interpretation of the term "Malpractice Claims," which are defined in T&V's chapter 11 plan as:

---

[1] It appears from the docket that the judgment was entered in violation of T&V's automatic stay.
[2] "*Malpractice T&V Optimum, LLC, Thomas Erickson and Valerie Erickson v. Ford, Nassen & Baldwin, et al. Cause No.D-1-GN-15-003409*"
[3] On the same day that the hearing was held, T&V's chapter 11 case was dismissed for failure to pay trustee fees. None of the parties in this matter objected to the chapter 11's dismissal, nor did they inform the Court that the chapter 11 was dismissed.

2

1) malpractice claims ("Malpractice Claims") against Debtor's state court counsel that represented Debtor in the following litigation in which judgments were taken against Debtor:

> (b) *Martha Prado Board vs. Thomas S. Erickson, Valerie L. Erickson, and T&V Optimum, LLC*, Cause No. D-1-GN-11-002988, in the 345th Judicial District Court, Travis County, Texas; the malpractice includes failing to conduct adequate discovery prior to trial. Prado has filed a proof of claim in the amount of $472,250.00 based on the judgment rendered against Debtor.

Prado argues that by including the Ericksons in the description of the litigation, and by not clearly excluding their individual interests in the clause containing the definition, the Ericksons implicitly assigned their interests in the malpractice claim to T&V. No evidence of an actual assignment was offered.

But legal malpractice claims are generally not assignable in Texas as a matter of public policy. *InLiner Americas, Inc. v. MaComb Funding Grp., L.L.C.*, 348 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2010), citing *Zuniga v. Groce, Locke & Hebdon,* 878 S.W.2d 313, 318 (Tex. App.—San Antonio 1994, writ ref'd);[4] *Baker v. Mallios,* 971 S.W.2d 581, 584 (Tex. App.—Dallas 1998), *aff'd on other grounds,* 11 S.W.3d 157 (Tex. 2000); *Vinson & Elkins v. Moran,* 946 S.W.2d 381, 395 (Tex. App.—Houston [14th Dist.] 1997, writ dism'd by agr.).

In other words, there is no evidence that an assignment from the Ericksons to T&V was ever made, and if there was, the assignment would be void as a matter of public policy.

ACCORDINGLY, IT IS THEREFORE ORDERED that the malpractice claims are property of the Ericksons' bankruptcy estate, and that the motion is DENIED.

# # #

---

[4] As noted by the Fifth Circuit in discussing this case, "[t]he notation 'writ refused' indicates that the court found that 'the judgment of the court of appeals is correct and . . . the principles of law declared in the opinion . . . are correctly determined.' Tex. R. App. P. 133(a). Thus, "a decision . . . in which the Supreme Court refuses a writ of error is as binding as a decision of the Supreme Court itself." '21' Int'l Holdings v. Westinghouse Elec. Corp., 856 S.W.2d 479, 483 (Tex. App.—San Antonio 1993, no writ) (quoting *Ohler v. Trinity Portland Cement Co.,* 181 S.W.2d 120, 123 (Tex. Civ. App.—Galveston 1944, no writ))." *Britton v. Seale*, 81 F.3d 602, 603 n. 2. (5th Cir. 1996).